UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AIRGO Systems, LLC,

                Plaintiff,

                                                    Civ. No. 14-5062 (RHK/SER)

v.                                                      **ORDER**

Berkness Swiss, LLC,

                Defendant.

---

This matter is before the Court on the Motion of Plaintiff AIRGO Systems, LLC ("AIRGO") for a Temporary Restraining Order (Doc. No. 5). For the reasons that follow, the Motion will be denied.[1]

AIRGO is an Oklahoma company that develops, manufactures, and distributes automatic tire inflation ("ATI") systems used in the commercial trucking industry. Beginning in 2009, it purchased from Defendant Berkness Swiss, LLC ("Berkness"), a manufacturing company located in Minnesota, certain components later assembled into AIRGO's ATI systems. According to Berkness, the purchases were governed by purchase orders and sales acknowledgements, but neither party has submitted such documents to the Court. Regardless, many of the components purchased from Berkness were assembled into fully or partially completed ATI systems at a facility located in Burnsville, Minnesota.

---

[1] The following constitutes the Court's findings of fact and conclusions of law under Federal Rules of Civil Procedure 52(a)(2) and 65.

The present dispute concerns components and other items, including equipment, tools, and the like, housed at the Burnsville facility. According to AIRGO, in "late 2013" Berkness unlawfully seized that property and refused to turn it over to AIRGO despite demand, preventing it from filling customer orders and completing a research and development project it intended to use to expand its operations. It claims that Berkness has "no security interest in" the property or "other interest or right that would allow it to take possession" thereof. Accordingly, it commenced the instant action asserting claims for conversion, trespass to chattels, and replevin, and it moved for a temporary restraining order requiring Berkness "to immediately return the personal property owned by AIRGO that was wrongfully seized by Berkness." Berkness has responded to the Motion by asserting that AIRGO is seriously delinquent paying for a number of purchases from Berkness, to the tune of more than $140,000, and accordingly it maintains an ownership interest in the property for which AIRGO seeks compelled production. Nevertheless, Berkness has agreed to tender all "items [that] are owned by AIRGO" and not already in its possession. (See Berkness Decl. ¶¶ 12, 14.) The instant Motion, therefore, boils down to the compelled turn-over of those items whose ownership the parties contest.

On the present record, the Court simply cannot grant the "extraordinary remedy" of a temporary restraining order. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).[2] All of AIRGO's claims depend upon a determination that it owns the

---

[2] The Court considers four factors to determine whether a temporary restraining order is warranted: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause the non-movant; and (4) the public interest. Dataphase Sys., Inc. v. CL Sys., Inc.,

property being held by Berkness, but the evidence on that issue is extremely meager. Indeed, at this juncture the Court has been presented with what can best be described as a "he said, he said" dispute: AIRGO claims, by affidavit of its President and CEO, to own outright all of the property being withheld by Berkness, while Berkness claims, via affidavit of its CEO, that it maintains an interest in the property because it has not been paid by AIRGO. No documents or other items supporting or undermining these contrary assertions are found in the record. As the evidence presently stands, therefore, the Court simply cannot determine that AIRGO has established a "substantial likelihood" or "fair chance" of prevailing on its claims. Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 731-32 (8th Cir. 2008) (*en banc*); see also Convergys Corp. v. Wellman, No. 1:07-cv-509, 2007 WL 2206556, at *2 (S.D. Ohio July 30, 2007) (where "the evidence of [the plaintiff's] likelihood of success on the merits is at equipoise, [it] is insufficient to establish entitlement to a temporary restraining order").

Furthermore, the Court does not believe AIRGO has adequately demonstrated it will suffer irreparable harm absent injunctive relief. AIRGO's primary complaint concerns the financial impact of failing to fulfill customer orders, but it has long been held that financial injury is not the type of *irreparable* harm for which equity must intervene through injunctive relief. See, e.g., Local Union No. 884, United Rubber, Cork,

---

640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc., 182 F.3d 598, 601 (8th Cir. 1999). The "complete burden" of establishing that the Dataphase factors weigh in favor of relief lies with the movant. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987); accord, e.g., Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

Linoleum, & Plastic Workers of Am. v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1355 (8th Cir. 1995) ("[F]inancial hardship in and of itself is not enough to establish the irreparable harm . . . that would justify a preliminary injunction."); Packard Elevator v. ICC, 782 F.2d 112, 115 (8th Cir. 1986) ("It is . . . well settled that economic loss does not, in and of itself, constitute irreparable harm.") (citations omitted).  Moreover, the Court finds AIRGO's assertions of harm to its "reputation" and "goodwill" are conclusory at this juncture and contain little more than buzzwords without substantiation. See, e.g., Rogers Grp., Inc. v. City of Fayeteville, Ark., 629 F.3d 784, 790 (8th Cir. 2010) (noting loss of goodwill can be sufficient, but "a district court may choose to require more than a loss of goodwill to demonstrate irreparable harm, [and it] ultimately has discretion to determine whether an alleged harm requires more substantial proof") (internal quotation marks and citation omitted); Gen. Motors Corp. v. Harry Brown's, LLC, 590 F. Supp. 2d 1134, 1138 (D. Minn. 2008) (Tunheim, J.) (affidavits opining generally that goodwill would be lost without injunction were insufficient to justify relief), aff'd, 563 F.3d 312 (8th Cir. 2009).  Lastly, though a lost opportunity to expand into new business markets can constitute irreparable harm, see, e.g., Rogers Grp., 629 F.3d at 790, a *possibility* of irreparable harm is not enough; AIRGO must show irreparable harm is *likely* without a temporary restraining order.  Calleros v. FSI Int'l, Inc., 892 F. Supp. 2d 1163, 1171 n.9 (D. Minn. 2012) (Kyle, J.) (quoting Winter, 555 U.S. at 22).  On the sparse record here, the Court finds AIRGO's allegation that Berkness's conduct "jeopardizes [its] ability to expand its product lines and compete in the marketplace" too speculative to warrant relief.  See, e.g., Regions Treatment Ctr.,

LLC v. New Stream Real Estate, LLC, Civ. No. 13-1752, 2013 WL 4028148, at *3 (D. Minn. Aug. 7, 2013) (Montgomery, J.) (denying preliminary injunction because "losing the opportunity to complete a business transaction does not amount to an actual threat of injury justifying injunctive relief," particularly where the plaintiff submitted "minimal . . . evidence to support its alleged harm") (internal quotation marks omitted).

At bottom, the record *presently* before the Court fails to demonstrate that AIRGO has a "fair chance of prevailing" on the merits or is sufficiently likely to suffer irreparable harm, and accordingly it is not entitled to the "extraordinary remedy" of a temporary restraining order. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that AIRGO's Motion for a Temporary Restraining Order (Doc. No. 5) is **DENIED**, and the hearing on the Motion, currently scheduled for December 31, 2014, is **CANCELED**. The Court's decision, however, is largely predicated on the very meager evidentiary showing made by AIRGO in connection with its Motion. Accordingly, this Order is **WITHOUT PREJUDICE** to AIRGO moving for a preliminary injunction following a limited, expedited discovery period (not to exceed 60 days) through which it can attempt to more fully justify its need for relief.[3]

Dated: December 30, 2014                     s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge

---

[3] As such, this matter is **REFERRED** to Magistrate Judge Rau to oversee such expedited discovery.